## JAMES W. JENKINS *vs.* AVIRA WILLIAMS.

A promissory note, given in consideration of the payee's verbal promise to convey to the maker an interest in land, and to release certain claims against the maker and a third person, is not wholly void; and the payee may enforce a mortgage of personal property given to secure payment of the note, if it does not appear that the property exceeds in value the latter part of the consideration.

REPLEVIN of a yoke of oxen. Trial and verdict for the plaintiff in the superior court before *Allen*, C. J., to whose rulings the defendant alleged exceptions, the substance of which is stated in the opinion.

*W. A. Williams*, for the defendant.

*C. Devens, Jr.*, ( *G. F. Hoar* with him,) for the plaintiff.

MERRICK, J.   The defendant contends that this action cannot be maintained, for the reason that the note secured by the mortgage under which the plaintiff claims to have derived title to the oxen replevied was made without any legal or valid consideration.   The evidence produced upon the trial shows that the plaintiff held a note against Lafayette Williams, a brother of the plaintiff, on which there remained due the sum of $1894.87; that the payment of it was secured by a mortgage upon the real estate of the said Lafayette, and by the guaranty of Almond Williams, another brother, and in part also by notes given by the defendant for $800 to be held as collateral security; that all these parties then met, and it was agreed by and between the plaintiff and the defendant that the latter should assume the debt of Lafayette, and give his own note for the amount due to the plaintiff, who orally promised as a consideration therefor that he would release the defendant from the notes held as collateral security, would wholly discharge Almond from his guaranty, and would, on payment of the note then to be given by the defendant, transfer and assign to him all the plaintiff's interest in the real estate conveyed to him in mortgage by Lafayette Williams.   Upon this consideration the note first mentioned was made and given by the defendant to the plaintiff, and at the same time the oxen replevied were conveyed to him in mortgage as security.

The defendant now insists, that as the contract was entire and the promise of the plaintiff was in fact to convey an interest in real estate, and was not made in writing, it cannot by means of the statute of frauds be enforced; and therefore that the consideration of the note is illegal and void.   Rev. Sts. *c.* 74, § 1.   But it is very obvious that the whole consideration is not obnoxious to that objection.   It does not apply at all to the promise to surrender to the defendant his own notes for $800, or to the release and discharge of Almond from the obligations arising under his guaranty.   These are separable from the promise to assign and transfer the interest in real estate held by the plaintiff under the mortgage of Lafayette; and to that extent the consideration is perfectly good.   *Irvine* v. *Stone,*

6 Cush. 508. This would entitle the plaintiff to at least a partial recovery upon the note; and as there was no evidence produced upon the trial tending to show that the value of the oxen mortgaged by the plaintiff would exceed or even be equal to the part of the note which is undoubtedly recoverable, the defence interposed by the defendant cannot be availed of by him. If he intended to deny that the unobjectionable part of the consideration would entitle the plaintiff to recover upon the note a sum equal to the value of the oxen mortgaged, that should have been made a subject of distinct investigation and inquiry. But instead of this, the court was requested to instruct the jury that, if the contract was entire on the part of the plaintiff, he could recover nothing on the note. This, in view of the actual consideration upon which it was made, and which was fully shown by the evidence produced, and in reference to which the instruction was asked and is now to be considered, was too broad and general to be sustained, and therefore the court properly declined to adopt it. We are to presume that, if it had been desired, suitable directions in matter of law would have been given to the jury in relation to the separate parts of the consideration, by which they would have been enabled to determine what was due according to the proportion of the consideration which was valid and unobjectionable. As no request appears to have been made upon this subject, an omission to state the rule of law in relation to it affords no ground of exception.

There was evidence submitted to the jury tending to show that the papers and memoranda produced upon the trial, and concerning which the plaintiff testified, were exhibited to the defendant when the computation to ascertain the amount due in the note of Lafayette was made, and that they contained a statement of the several items upon which the amount of indebtedness for which his own note was given was ascertained. It was right therefore to allow them to be submitted to the jury.

*Exceptions overruled.*